UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHAEL J. DEE,                                        )
                                                       )
        Plaintiff,                                     )
                                                       )
v.                                                     ) Civil No. 9-163-P-H
                                                       )
UNITED STATES OF AMERICA,                              )
                                                       )
        Defendant.                                     )

### RECOMMENDED DECISION

Michael J. Dee has filed a complaint against the United States of America claiming that

21 U.S.C. § 841(a)(1) and § 844 are unconstitutional in that they make the cultivation,

possession and use of marijuana a criminal offense.  Dee seeks a declaratory judgment from this

Court that would determine that the statutory provisions are arbitrary, unjustified, and an

unreasonable regulation of the fundamental rights to privacy, liberty, and property.  Dee has

neither paid the $350.00 filing fee nor filed a properly completed application to proceed in forma

pauperis.  Normally I would direct Dee to do one or the other if he wanted his case to be

officially opened on the docket.  However, in this instance it makes no sense to require him to do

either because even if he paid the filing fee or qualified for IFP status, I would recommend

summary dismissal of the action because it is frivolous and because Dee is the subject of filing

restrictions in this court in any event.

Dee has previously filed numerous cases challenging marijuana laws and ultimately

became subject to filing restrictions.[1]  See Dee v. United States of America and State of Maine,

---

[1]      Dee's cases in this court, in addition to the cases referenced in the body of this recommended decision, also include the following: Dee v. Attorney General, Maine,  No. 96-CV-274-MAB; Dee v. Attorney General, US,  No. 97-CV-229-DBH; Dee v. United States, No. 98-CV-37-DBH (case wherein actual filing restrictions were imposed); Dee v. Maine, State of, No. 03-mc-6-DBH (order denying leave to file a declaratory judgment action regarding marijuana laws); In re Michael J. Dee, No. 03-mc-66-DBH (same).

241 F.Supp.2d 50 (D.Me. 2003) (Hornby, J.)(Dee, described as a marijuana possession advocate, denied federal court approval prior to filing of civil complaints due to prior history of frivolous litigation).  In one of his earlier cases, Dee had enclosed a marijuana leaf and claimed his fear of prosecution as the basis for standing to bring a declaratory judgment action. <u>Dee v. Reno</u>, No. 95-CV-29-P-H (D. Me. 1995).  His most recent prior attempt at filing in this court occurred in 2004 when he sought leave to file a case seeking a declaration that Maine statutes relating to possession of marijuana were unconstitutional and that Congress's classification of marijuana as a controlled substance was unconstitutional.  Chief Judge Singal denied Dee leave to file his petition, finding the proposed declaratory judgment to be frivolous.  <u>In re: Michael J. Dee</u>, No. 04-mc-33-GZS , Docket No. 2 (Apr. 26, 2004).

Since 2004 the only significant change in the legal landscape is that the United States Supreme Court has directly held that Congress's Commerce Clause authority includes the power to prohibit the local cultivation and use of marijuana in compliance with California law. <u>Gonzales v. Raich</u>, 545 U.S. 1 (2005).  That development certainly does not assist Dee or make his filing any less frivolous.  In my view this request seeking leave to file a petition for declaratory relief is simply another attempt to circumvent the filing restrictions rightfully imposed by this court, albeit this time there has been a five year hiatus between filings. Accordingly, I recommend the court deny Dee's letter request sent to Chief Judge Woodcock and dismiss this petition as frivolous.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served

with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 28, 2009